**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn, et al., | No. CV-24-00594-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Craig Jennings, et al., | |
| Defendants. | |

On October 3, 2024, Defendants removed this action from Maricopa County Superior Court to the United States District Court for the District of Arizona. (Doc. 1; *see* Docs. 7, 9, 21, 24, 31, 61, 62.) Pending before the Court are 11 Motions to Dismiss Plaintiffs' Amended Complaint. (Docs. 15, 25, 63, 68, 81, 88, 90, 92, 96, 108, 112.)[1] For the reasons stated below, the Court will grant Defendants' Motions to Dismiss, deny leave to amend, and terminate this action with prejudice.

**I.   Background**

On September 9, 2024, Plaintiffs Richard Rynn, his wife, Gelliana Rynn, and their daughter, Marcella Rynn, filed their First Amended Complaint ("FAC"), which is the operative complaint in this case. (Doc. 1-2 at 12–108.) The 97-page FAC asserts 23 causes of action, including a variety of constitutional violations and torts, and names 23 defendants, in addition to unknown parties. (*See id.*) In general, Plaintiffs' allegations

---

[1] The Motions have been fully briefed, (*see* Docs. 110, 111, 113, 115, 119, 120, 121, 125, 130, 131, 136, 137, 139, 143, 144, 145, 146, 157, 160, 161, 165), and the Court finds oral argument would not aid its decision on the matter, *see* LRCiv 7.2(f).

center around three distinct sets of facts.[2]

First, in April 2017, Marcella, then 16 years old, received inpatient treatment at Quail Run Behavioral Health ("Quail Run"). (Doc. 81 at 2 (citing Doc. 1-2 at 20).) After seven days, Marcella was not discharged. (*Id.*) The Arizona Department of Child Safety ("DCS") took custody of her, and a dependency proceeding was initiated. (*Id.* (citing Doc. 1-2 at 20–22, 25, 29)).

Second, in 2019, Mr. Rynn's former co-worker, Shayley Mathews, sought an Injunction Against Harassment ("IAH") against Mr. Rynn, which Avondale City Court Judge Craig Jennings granted. (Doc. 1-2 at 47–48; *see* Doc. 68 at 2.)

Third, Mr. Rynn alleges that on August 5, 2022, "Border Patrol officers unlawfully restricted [him] from driving on roads within the [Tohono O'odham] reservation, claiming that a permit was required and instructing Plaintiff to turn the vehicle around and leave the reservation." (Doc. 1-2 at 38–39.)

## II.   Applicable Law

### A. Rule 12(b)(6) Motions to Dismiss and Rule 8

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal is proper when there is either a "'lack of cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief," e.g., if the allegations reveal an affirmative defense or legal bar to recovery. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The tenet—that the court must

---

[2] The Court notes that it would be more appropriate to bring three separate actions related to these three distinct sets of facts. Attempting to parse from the 97-page FAC the variety of claims, facts, and defendants, and the relationships between them, has proven difficult.

accept as true all of the allegations contained in the complaint—is "inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Further, the court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

      A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

      Additionally, Rule 8 of the Federal Rules of Civil Procedure directs that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). And, under Rule 10, all allegations of a claim must be set forth in numbered paragraphs that should be limited to a single set of circumstances. Fed. R. Civ. P. 10(b). "Each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*. Failure to set forth claims in such a manner places the onus "on the court to decipher which facts support which claims, as well as to determine whether . . . [a plaintiff is] entitled to the relief sought." *Haynes v. Anderson & Strudwick, Inc.*, 508 F. Supp. 1303, 1307 n.1 (E.D. Va. 1981). "Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims." *Ramage v. United States*, No. CIV 14-2132-TUC, 2014 WL 4702288 at *1 (D. Ariz. Sept. 22, 2014) (citing *Benoit v. Ocwen Fin. Corp.*, 960 F. Supp. 287, 289 (S.D. Fla. 1997), *aff'd* 162 F.3d 1177 (compliance with rule mandatory where allegations were so confounding and conclusory, claims were commingled, and unfeasible to decipher nature of claims)).

//
//

**B. Res Judicata**

"The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). This includes "any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Res judicata supports the conclusive resolution of disputes within a court's jurisdiction, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. *Id.* (internal citations and quotations omitted). Additionally, "[t]he doctrine of res judicata is meant to protect parties against being harassed by repetitive actions." *Bell v. United States*, No. CV F 02-5077 AWI DLB, 2002 WL 1987395, at *4 (E.D. Cal. June 28, 2002) (citing *Clements v. Airport Auth. of Washoe*, 69 F.3d 321, 329 (9th Cir. 1995)).

Under federal law,[3] three elements constitute a successful res judicata defense: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between parties. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

An identity of claims exists when two suits arise from the same transactional nucleus of facts. *Id.* at 1078. Newly articulated claims based on the same nucleus of facts are barred if the claims could have been brought in the earlier action. *Id.*

Dismissals with prejudice are final judgments on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). "An involuntary dismissal generally acts as a judgment on the merits for purposes of *res judicata*, regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's

---

[3] Courts apply federal res judicata rules to judgments issued by federal courts and the res judicata rules of a particular state to judgments issued by courts of that state. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 519 (1986)). Here, the Court applies federal res judicata rules because one of the prior lawsuits involving Marcella's inpatient treatment and dependency proceeding, and two prior lawsuits involving the 2019 IAH, reached final judgments in federal court. *See* discussion *infra* Sections III.B.1, III.C.1.

substantive claims." *In re Schimmels*, 127 F.3d at 884.

Privity between parties "is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Id.* at 881 (quoting *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977)). Privity exists where there is a substantial identity between the party and nonparty or where the interests of the party and nonparty are so closely aligned as to be virtually representative. *Id.*

### III. Discussion

#### A. Pleading Deficiencies

As an initial matter, the FAC fails to meet the pleading requirements set forth in Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. Pro se filings must be construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but the Court is not to serve as an advocate of a pro se litigant in attempting to decipher a complaint, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

The FAC's presentation of claims is anything but clear. The allegations are conclusory, repetitive,[4] commingled, and extremely difficult to decipher. Plaintiffs have been litigating the events alleged in the FAC, in multiple lawsuits, since 2018, and their pleadings have retained these same qualities in every iteration. (*See, e.g.*, Docs. 81-1, 81-4, 81-6.) The FAC regularly refers to "Defendants" as though each of the 23 named Defendants is involved in each factual allegation and cause of action. (*See, e.g.*, Doc. 1-2 at 67–68.) The FAC does not contain numbered paragraphs, and the claims are not limited to a single set of circumstances or founded on separate transactions or occurrences. Fed. R. Civ. P. 10(b). Dismissal would be appropriate on these grounds alone.

//

---

[4] Where the FAC lists and describes the 23 causes of action, Plaintiffs repeat the exact same allegations regarding defamatory false statements rather than tailoring the allegations to the elements of the specific cause of action. (*See* Doc. 1-2 at 67–107.) For example, the description of the claim for false imprisonment is identical to the description of the claim for a violation of Plaintiffs' right to freedom of association under § 1983, except for the addition of the words "falsely imprisoned Marcella with intent to harm." (*Id.* at 99–101, 103–04.)

- 5 -

**B. Claims Relating to Marcela's Removal and Dependency Proceeding**

1. Litigation History

Plaintiffs' claims relating to Marcella's stay at Quail Run, removal, and dependency proceeding have been litigated in three prior lawsuits, each of which reached a final judgment on the merits that was affirmed on appeal. *See* Case No. 2:18-CV-00414-PHX-JJT ("the 2018 Case"); Case No. CV 2020-094244 ("the 2020 Case"); Case No. CV 2021-095341 ("the 2021 Case"). The cases were brought in Maricopa County Superior Court[5] and were subsequently dismissed with prejudice. (Docs. 81-1, 81-2, 81-3, 81-4, 81-5, 81-6, 81-7, 81-8, 81-9.)[6]

In the 2018 Case, after the initial dismissal with prejudice on November 6, 2018, Plaintiffs continued to file motions for reconsideration or relief from judgment, and appeal each denial of such motions to the Ninth Circuit, for five more years. *See Rynn v. McKay*, No. CV-18-00414-PHX-JJT, 2023 WL 3079694 (D. Ariz. Mar. 31, 2023), *aff'd sub nom. Rynn, next friend of M.R. v. McKay*, No. 23-15607, 2023 WL 7211437 (9th Cir. Oct. 23, 2023), *reconsideration denied sub nom. Rynn, next friend of MR v. McKay*, No. 23-15607, 2024 WL 4117285 (9th Cir. Apr. 23, 2024). Only after Judge Tuchi directed the Clerk of Court not to accept any further filings in that case and the Ninth Circuit issued its mandate affirming Judge Tuchi's most recent order denying Plaintiffs' motions for reconsideration, did Plaintiff file the instant case.

In the 2020 Case, after Judge Thompson of the Maricopa County Superior Court granted the defendants' motions to dismiss, Plaintiffs again filed multiple motions for a new trial and relief from judgment, including under Arizona Rule of Civil Procedure 60(b)(3) on the grounds of fraud. *David-Rynn v. UHS of Phoenix, LLC*, No. 1 CA-CV 21-0605, 2022 WL 4242261, at *1 (Ariz. Ct. App. Sept. 15, 2022). The Arizona Court of Appeals affirmed the Superior Court's dismissal of the 2020 Case on res judicata and

---

[5] The 2018 Case was removed to this Court.
[6] Under Federal Rule of Evidence 201, the Court takes judicial notice of these exhibits, and other court documents in these and other cases discussed below, which are matters of public record, without converting the motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

statute of limitations grounds. *Id.* at *2–3. The United States Supreme Court denied certiorari on October 16, 2023. *Rynn v. UHS of Phoenix, LLC*, 144 S. Ct. 329 (2023).

In the 2021 Case, which was filed while the 2020 Case was still pending, Judge Thompson again granted the defendants' motion to dismiss on res judicata grounds. *Rynn v. UHS of Phoenix, LLC*, No. 2 CA-CV 2022-0175, 2023 WL 4173803, at *1 (Ariz. Ct. App. June 26, 2023), *review denied* (Oct. 17, 2023). Plaintiffs filed multiple motions for post-judgment relief, which Judge Thompson denied. *Id.* Once again, the Arizona Court of Appeals affirmed the Superior Court's dismissal, despite Plaintiffs' arguments that the previous cases were fraudulent and failed to resolve the underlying merits of their claims. *See id.* at 2.

The defendants in the previous cases have requested sanctions against Plaintiffs, but both the Superior Court and the Arizona Court of Appeals denied these requests. *See id.*; (Doc. 81-8 at 7) (calling the decision not to impose sanctions an "approach of extreme judicial restraint"). In November 2022, the Superior Court found that Marcella, represented by Richard, engaged in vexatious conduct under A.R.S. § 12-3201, but it is unclear whether an administrative order designating Marcella a vexatious litigant was ever issued. (Doc. 81-8 at 7–8.)

        2.   The Instant Proceeding

Plaintiffs are familiar with the appellate process in both state and federal court, and they are plainly aware of Federal Rules of Civil Procedure 59 and 60, and the corresponding Arizona Rules of Civil Procedure, having invoked them in numerous motions. The instant lawsuit can only be seen as an attempt to circumvent the finality of previous lawsuits. Plaintiffs explicitly say as much. (*See, e.g.*, Doc. 157 at 11, 15–16, 18.) The courts in the 2020 and 2021 Cases dismissed Plaintiff's claims on res judicata grounds. It would be improper for the Court to revisit these prior decisions and to decide, for a third time, that Plaintiffs' claims are precluded. *See In re Schimmels*, 127 F.3d at 881 (stating that res judicata is meant to foster reliance on judicial action by minimizing the possibility of inconsistent decisions); *Pedrina v. Chun*, 97 F.3d 1296, 1303 (9th Cir. 1996) (final

determinations in state-court judicial proceedings are given preclusive effect in federal district courts). Still, the Court will briefly address a few of Plaintiffs' discernible arguments against claim preclusion and dismissal.

Having examined the Complaints filed in the 2018, 2020, and 2021 Cases, (Docs. 81-1, 81-4, 81-6), and compared them with the FAC in the instant case, (Doc. 1-2 at 12–108), the Court finds that all four lawsuits are based on the same transactional nucleus of facts. To the extent Plaintiffs allege new facts based on "an undisclosed and maliciously fabricated allegation of 'no discharge date,'" and "unfounded work place accusations of 'child abuser,'" Plaintiffs have not provided a coherent argument as to how these facts could form the basis of any new claims that could not have been brought in a previous action. (Doc. 113 at 4–6.) Previous complaints allege that Marcella was not discharged from Quail Run despite the existence of a discharge order from a Quail Run physician. (Doc. 81-1 at 5; Doc. 81-4 at 11.) Previous complaints also allege that Defendants "materially lied and used fraudulent documents while filing a Dependency around April 30, 2017," and that "[n]ewly released records show Fraud that was not disclosed . . . State Defendants put a false record on state and national databases about Plaintiff Rynn a record that was not true." (Doc. 81-6 at 11, 13.) As recently as March 2023, Plaintiffs filed motions for post-judgment relief on the same grounds they assert constitute "new evidence" justifying rehearing of their claims in the instant suit. (*See* 2018 Case, Doc. 110.) Therefore, the FAC does not raise any new facts or claims that were not, or could not have been, raised in the multitude of previous lawsuits and motions for reconsideration.

Plaintiffs also assert their claims are not barred by statutes of limitation or res judicata because Plaintiffs are suffering "ongoing damages." (*See, e.g.*, Doc. 115 at 8; Doc. 157 at 10.) This argument appears to be based on the repetition of allegedly false facts or statements by various parties, witnesses, and judicial officers during court proceedings and in written court documents. To the extent this argument could be construed as alleging defamation, judges, parties, lawyers, witnesses, and jurors are immune from such liability for conduct related to judicial proceedings. *See Borg v. Boas*, 231 F.2d 788, 794 (9th Cir.

1956); *Green Acres Tr. v. London*, 688 P.2d 617, 621 (Ariz. 1984).

In many of Plaintiffs' Responses to Defendants' Motions to Dismiss, Plaintiffs assert that under Federal Rule of Civil Procedure 8(b)(6), certain Defendants have admitted the allegations in the FAC by failing to deny them in a responsive pleading. (*See, e.g.*, Doc. 125 at 2.) However, motions to dismiss under Rule 12 are not pleadings, and therefore, no Defendant has admitted any of the FAC's allegations. Fed. R. Civ. P. 7(a), 12(b).

Next, to the extent Plaintiffs seek to assert causes of action relating to Marcella's inpatient treatment, removal, and dependency proceeding against new defendants who were not named in prior lawsuits, these claims are barred by both res judicata and the statute of limitations. (*See* Docs. 25, 88, 90.)[7]

In sum, the Court will grant the following Defendants' Motions to Dismiss: (1) Cathy Cottee and Judge Daniel Washburn; (2) the City of Phoenix and Phoenix Police Department; (3) Intermountain Foster Care, LLC; (4) ComTrans Ambulance Service, Inc.; and (5) Renee Miller.[8] (Docs. 25, 81, 88, 90, 108.)

### 3. Future Filings Related to the Removal and Dependency Proceeding

Plaintiffs' have shown an unwillingness to follow the rules and orders of the courts and to accept the finality of court judgments. Federal Rule of Civil Procedure 11 provides that, by presenting "a pleading, written motion, or other paper" to the court, an "unrepresented party certifies that" such a pleading or motion:

---

[7] Plaintiffs' Notice of Amendments to Complaint and Request for Leave, (Doc. 40), seeks to amend the FAC to add the Pinal County Superior Court, State of Arizona, DCS, and American Medical Response as defendants and make minor edits in the body of the FAC. The Court will deny Plaintiffs' request because the proposed amendments would be futile. The State and DCS have been named parties in the previous lawsuits and cannot be sued again under the doctrine of res judicata, for the reasons discussed above. Moreover, the State, DCS, and Pinal County Superior Court have immunity from suit under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The FAC does not mention or make any allegations regarding American Medical Response, nor do the proposed amendments. Additionally, Plaintiffs' Notice fails to comply with the Local Rules of Civil Procedure. *See* LRCiv 15.1(a) ("The proposed amended pleading must not incorporate by reference any part of the preceding pleading . . . ."). Finally, Plaintiffs have already amended their complaint once, and the minor proposed amendments to the body of the complaint are insignificant and would not remedy the deficiencies discussed in this Order.

[8] Candy Zammit was served on January 13, 2025 and, as of the date of this Order, has not appeared in the action. Ms. Zammit is also dismissed from this case on res judicata grounds as a previously named defendant.

>    (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Court may also impose sanctions under 28 U.S.C. § 1927 for excess costs and reasonable attorneys' fees when a party unreasonably and vexatiously multiplies the proceedings in any case. 28 U.S.C. § 1927; *see Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990) ("Section 1927 sanctions may be imposed upon a pro se plaintiff"). Additionally, "federal courts possess inherent power to impose sanctions, 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Stone v. Baum*, 409 F. Supp. 2d 1164, 1171 (D. Ariz. 2005) (quoting *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004)). To impose sanctions under its inherent powers, the Court must make a specific finding of bad faith. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

Plaintiffs have been warned multiple times that their repetitive improper lawsuits may subject them to sanctions. *See Rynn v. UHS of Phoenix*, 2023 WL 4173803, at *2 ("Although . . . the history of repetitive litigation is concerning, in our discretion we decline to impose sanctions . . . ."); (Doc. 81-8 at 7 ("The Court has taken steps to inform Plaintiffs that their filings and positions might be subject to sanctions. Defendants have requested sanctions. Those requests have been denied, not for lack of a proper basis but in an exercise of restraint . . . .")). "Under the circumstances, Plaintiffs have been so thoroughly informed regarding the lack of any procedural and/or legal merit to their claims as to eliminate any possible confusion or questions that might have otherwise existed due to Plaintiffs' pro se status." *Stone*, 409 F. Supp. 2d at 1171.

The Court finds Plaintiffs acted in bad faith by initiating this lawsuit, and filing the FAC, to the extent it asserts causes of action arising out of Marcella's 2017 inpatient

treatment, removal, and dependency proceeding, and subsequent related legal proceedings. This is the third case finding Plaintiffs' claims are barred by res judicata. As the losing party in three prior lawsuits, Plaintiffs' filing of a new lawsuit asserting the same claims on the same nucleus of fact can only be seen as a vexatious, wanton, and bad faith action. For these actions, under Rule 11 and its inherent powers, the Court is considering imposing monetary sanctions upon each Plaintiff. Generally, the issuance of sanctions sua sponte requires notice and an opportunity to be heard. *Am Unites for Kids v. Rousseau*, 985 F.3d 1075, 1095 (9th Cir. 2021). Therefore, the Court will order Plaintiffs to show cause: (1) why they should not be sanctioned pursuant to the Court's inherent powers for filing this lawsuit in bad faith; and (2) why they have not violated Rule 11(b) by presenting frivolous claims for an improper purpose. Fed. R. Civ. P. 11(b)(1)–(2), (c)(3).

Moreover, the Court cautions Plaintiffs that any further filings in this case relating to Marcella's removal and dependency proceeding, including, but not limited to, Rule 59 and Rule 60 motions for relief from judgment, will subject Plaintiffs to sanctions under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying these proceedings.

**C. Claims Relating to the IAH**

1. <u>Litigation History</u>

Like Plaintiffs' claims relating to Marcella's removal and dependency proceeding, Plaintiffs' claims relating to the entry of the IAH against Richard Rynn by his former co-worker, Shayley Mathews, have also been litigated in three prior lawsuits: (1) Case No. 2:20-CV-01309-PHX-JJT ("the 2020 IAH Case"); (2) Case No. 2:21-CV-01755-PHX-DWL ("the 2021 IAH Case"); and (3) Case No. CV 2022-011208 ("the 2022 IAH Case").

The 2020 IAH Case was brought against Richard's former employer FirstTransit, Inc. ("FirstTransit") in Maricopa County Superior Court on May 29, 2020, and was subsequently removed to this Court. On July 29, 2021, Judge Tuchi entered an Order granting summary judgment in favor of FirstTransit, which the Ninth Circuit affirmed. *Rynn v. First Transit Inc.*, No. CV-20-01309-PHX-JJT, 2021 WL 3209665 (D. Ariz. July 29, 2021), *aff'd*, No. 21-16836, 2022 WL 17176487 (9th Cir. Nov. 23, 2022). Plaintiffs

filed at least six motions for reconsideration or other relief from judgment, as recently as April 28, 2023. *See* Case No. CV-20-01309-PHX-JJT. Those motions were all denied, and the denials were affirmed on appeal. (*See id.*, Docs. 162, 174, 176, 180.) Eventually, Judge Tuchi revoked Plaintiffs' electronic filing privileges and directed the Clerk of Court not to accept any further filings in the matter. (*Id.*, Docs. 174, 176.)

The 2021 IAH Case was brought against FirstTransit in Maricopa County Superior Court on September 23, 2021, and was subsequently removed to this Court. On December 21, 2021, Judge Dominic W. Lanza entered an Order granting FirstTransit's motion to dismiss, finding Plaintiffs' claims were barred by res judicata and denying leave to amend, which the Ninth Circuit affirmed. *Rynn v. First Transit Inc.*, No. CV-21-01755-PHX-DWL, 2021 WL 6050312 (D. Ariz. Dec. 21, 2021), *aff'd*, No. 22-15148, 2022 WL 17176486 (9th Cir. Nov. 23, 2022). Again, Plaintiffs filed multiple motions for reconsideration, which were denied or stricken. The Ninth Circuit also affirmed the denials.

The 2022 IAH Case was brought in Maricopa County Superior Court as a Third Amended Petition for Writ of Mandamus. (*See* Doc. 15-1 at 223–43, Ex. 10.) The Superior Court dismissed the petition with prejudice as to all parties. (*Id.* at 244–46, Ex. 11.) The Arizona Court of Appeals affirmed, finding that "Rynn's continuous appeals without a legal basis cannot be considered to be made in good faith." (*Id.* at 249–54, Ex. 13.) The Arizona Supreme Court denied Plaintiffs' Petition for Review on January 30, 2024, (*id.* at 255–57, Ex. 14), and denied Plaintiffs' Petition for Reconsideration on May 2, 2024, (*id.* at 258–60, Ex. 15).

2. The Instant Proceeding

Now, having run out of avenues of appeal and been barred from making further motions for post-judgment relief by other courts and judges, Plaintiffs seek to circumvent the prior judgments via the instant lawsuit. To the extent Plaintiffs' FAC asserts causes of action relating to the IAH and subsequent legal proceedings, those claims are plainly barred under the doctrine of res judicata because of the 2020, 2021, and 2022 IAH Cases. In the 2021 IAH Case, Judge Lanza concluded Plaintiffs' claims were precluded in light of the

2020 IAH Case. Many of the defenses raised by various Defendants in the pending Motions to Dismiss have also been repeatedly raised, litigated, and decided in those Defendants' favor. (*See, e.g.*, Doc. 15-1 at 218, 246.) The Court will not revisit these prior decisions.[9]

Thus, the Court will grant the following Defendants' Motions to Dismiss: (1) Patrick Camunez, (2) Littler Mendelson, P.C., (3) FirstTransit and Transdev Services, Inc., (4) City of Avondale,[10] Avondale City Court, and Judge Craig Jennings; and (5) Lynn McLean.

3.   Future Filings & Lawsuits Relating to the IAH

As in the cases relating to Marcella's removal and dependency proceeding, Plaintiffs have shown an unwillingness to follow the rules and orders of the courts and to accept the finality of court judgments in the cases relating to the IAH.

Plaintiffs have been warned multiple times that their repetitive improper lawsuits may subject them to sanctions. In the 2021 IAH Case, in denying Richard's motion for reconsideration, Judge Lanza wrote, "This lawsuit is barred by the doctrine of res judicata, and further lawsuits against First Transit Incorporated based on the same nucleus of operative fact would also be barred and would therefore be vexatious." (Doc. 68-17 at 1–2.) In the 2022 IAH Case, the Arizona Court of Appeals found that "Rynn's continuous appeals without a legal basis cannot be considered to be made in good faith." (Doc. 15-1 at 253.)

The Court finds Plaintiffs acted in bad faith by initiating this lawsuit, and filing the FAC, to the extent it asserts causes of action arising out of the 2019 IAH against Richard and subsequent related legal proceedings. This is the third case finding these claims are barred by res judicata. As the losing party in three prior lawsuits, Plaintiffs' filing of a new lawsuit asserting the same claims on the same transactional nucleus of fact can only be seen as a vexatious, wanton, and bad faith action. This Court and others have informed

---

[9] The Court rejects Plaintiffs' arguments as to why their claims relating to the IAH should not be precluded for the same reasons pertinent to Plaintiffs' claims relating to Marcella. *See* discussion *supra* Section III.B.2.

[10] The City of Avondale's Motion to Dismiss was also filed on behalf of the Avondale Police Department. (*See* Doc. 92.) However, the Avondale Police Department was not named as a defendant or referenced in the FAC, and was terminated from the case the same day the case was removed to federal court.

Plaintiffs that filing new lawsuits based on these claims would subject them to sanctions. For these actions, under Rule 11 and its inherent powers, the Court is considering imposing monetary sanctions upon Plaintiffs. Therefore, the Court will order Plaintiffs to show cause as to the IAH Case: (1) why they should not be sanctioned pursuant to the Court's inherent powers for filing this lawsuit in bad faith; and (2) why they have not violated Rule 11(b) by presenting frivolous claims for an improper purpose. Fed. R. Civ. P. 11(b)(1)–(2), (c)(3).

Further, the Court cautions Plaintiffs that any further filings in this case relating to the 2019 IAH and related legal proceedings, including, but not limited to, Rule 59 and Rule 60 motions for relief from judgment, will subject Plaintiffs to sanctions under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying these proceedings

### D. Claims Against Federal Defendants

The United States of America, U.S. Border Patrol, U.S. Department of Health and Human Services ("HHS"), the Children's Bureau, the United States District Court for the District of Arizona, Hon. Dominic Lanza, and Hon. John Tuchi (collectively, "Federal Defendants") move to dismiss Plaintiffs' FAC on multiple grounds, including lack of subject matter jurisdiction, the statute of limitations, failure to state a claim, and judicial immunity. (Doc. 96 at 3.) Notably, Federal Defendants do not assert a res judicata defense.

Judge Lanza and Judge Tuchi have absolute judicial immunity for actions taken and decisions made in their judicial function while presiding over the 2018 Case, the 2020 IAH Case, and the 2021 IAH Case. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Burton v. Infinity Cap. Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2017). The FAC contains bare legal conclusions that Judge Tuchi and Judge Lanza acted outside their judicial capacities, but these conclusions are unsupported by plausible factual allegations. Moreover, Plaintiffs' Response continues to cite language in the judges' written opinions as evidence of actions outside their judicial capacities. (Doc. 143 at 12–13.) Judge Lanza and Judge Tuchi are therefore dismissed from this case.

To the extent Plaintiffs seek to assert tort-based claims against the remaining

Federal Defendants,[11] those claims are dismissed for failure to comply with 28 U.S.C. §§ 2675(a) and 2401(b). Plaintiffs did not submit any claims to any federal agencies before filing this suit. *See* 28 U.S.C. § 2675(a); (Docs. 96-1, 96-2, 96-3.) Therefore, this Court lacks subject matter jurisdiction over any claims brought pursuant to the Federal Tort Claims Act (FTCA) due to Plaintiffs' failure to exhaust administrative remedies. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). Moreover, under § 2401(b), Plaintiffs were required to file their tort claims with the appropriate federal agency within two years of accrual. 28 U.S.C. § 2401(b). Plaintiffs do not dispute that they failed to present these claims within the statutory time period. (*See* Docs. 143, 144.) Thus, the claims are "forever barred." 28 U.S.C. § 2401(b).

Plaintiffs' constitutional claims fail because the United States and its departments and agencies are not proper defendants under *Bivens* or § 1983. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994) (holding plaintiff could not bring a *Bivens* cause of action directly against federal agencies); *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) ("[S]ection 1983 only provides a remedy against persons acting under color of state law.") As to § 1983, the improper defendant problem is incurable. As to *Bivens*, the Court will deny leave to amend to name individual federal agents.

"The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). In assessing futility, denial of leave to amend is proper if it is clear that the complaint would not be saved by any amendment. *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859 (9th Cir. 2013). Naming individual officers from HHS or the Children's Bureau would not save the § 1983 claims from dismissal on the grounds described above.

With respect to the August 5, 2022 incident involving Border Patrol officers, Plaintiffs assert violations of the First, Fourth, and Fourteenth Amendments. (*See* Doc. 1-

---

[11] "[T]he United States is the only proper defendant in an FTCA action." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

- 15 -

2 at 38–39; Doc. 144 at 7.) *Bivens* claims have never been extended outside the Fourth, Fifth, and Eighth Amendment contexts, and recognizing new causes of action under *Bivens* is a "disfavored judicial activity" that will fail "in most every case." *Egbert v. Boule*, 596 U.S. 482, 490–92 (2022). Plaintiffs' Fourth Amendment claim, that Border Patrol officers stopped their car without reasonable suspicion, arises in a new, meaningfully different context than the Fourth Amendment claim in *Bivens*, which involved an unconstitutional arrest and search at an apartment. *See Hernandez v. Mesa*, 589 U.S. 93, 103 (2020) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971)). Moreover, in light of the alternative remedial structure for parties aggrieved by actions of Border Patrol agents, the Supreme Court has held that courts are "plainly" not "competent to authorize a damages action . . . against Border Patrol agents generally." *Egbert*, 596 U.S. at 496–98. Thus, Plaintiffs' *Bivens* claims fail to state a claim upon which relief may be granted.

### E. Conclusion

Plaintiffs' claims relating to Marcella's inpatient treatment, removal, and dependency proceeding and the IAH against Richard while employed at FirstTransit are barred by res judicata. The instant lawsuit is yet another attempt to evade the finality of judgments in this Court and Arizona state courts. The FAC is, in reality, a Rule 60 motion for relief from judgment styled as a complaint. Plaintiffs have had approximately 20 similar motions for post-judgment relief, based on the same or similar arguments made here, denied in previous cases. As discussed above, any further filings related to these events will subject Plaintiffs to sanctions.

Plantiffs' claims relating to the Federal Defendants and the incident involving Border Patrol officers on August 5, 2022 fail for a variety of reasons, including lack of subject matter jurisdiction, the statute of limitations, failure to state a claim, and judicial immunity. The Court finds that granting leave to amend to attempt to cure these deficiencies would be futile.

Therefore, the Court will grant each of Defendants' pending Motions to Dismiss

and terminate this action with prejudice.

Accordingly,

**IT IS ORDERED:**

(1) Defendant Patrick Camunez's Motion to Dismiss (Doc. 15) is **granted**.

(2) Defendants City of Phoenix and Phoenix Police Department's Motion to Dismiss (Doc. 25) is **granted**.

(3) Defendant Littler Mendelson, P.C.'s Motion to Dismiss (Doc. 63) is **granted**.

(4) Defendants First Transit, Inc. and Transdev Services, Inc.'s Motion to Dismiss (Doc. 68) is **granted**.

(5) Defendants Cathy Cottee and Judge Daniel Washburn's Motion to Dismiss (Doc. 81) is **granted**.

(6) Defendant ComTrans Ambulance Service, Inc.'s Motion to Dismiss (Doc. 88) is **granted**.

(7) Defendant Intermountain Foster Care, LLC's Motion to Dismiss (Doc. 90) is **granted**.

(8) Defendants City of Avondale, Avondale City Court, and Judge Craig Jenning's Motion to Dismiss (Doc. 92) is **granted**.

(9) Federal Defendants' Motion to Dismiss (Doc. 96) is **granted**.

(10) Defendant Renee Miller's Motion to Dismiss (Doc. 108) is **granted**.

(11) Defendant Lynn McLean's Motion to Dismiss (Doc. 112) is **granted**.

(12) Plaintiffs' Motions for Extension of Time to Serve Renee Miller (Doc. 37) and Candy Zammit (Doc. 38) are **denied** as moot.

(13) Plaintiffs' Notice of Amendments to Complaint and Request for Leave (Doc. 40) is **denied**.

(14) Plaintiffs' other pending Motions (Docs. 126, 133, 159, 163) are **denied** as moot.

(15) Plaintiffs must show cause: (1) why they should not be sanctioned pursuant to the Court's inherent powers for filing this lawsuit in bad faith; and (2) why they have

1  not violated Rule 11(b) by presenting frivolous claims for an improper purpose. Fed. R.
2  Civ. P. 11(b)(1)–(2), (c)(3). Plaintiffs' filing is due fourteen (14) days from the date of this
3  Order.

4      (16)  Plaintiffs are cautioned that any further filings or new lawsuits asserting
5  causes of action arising out of either: (1) Marcella's 2017 inpatient treatment, removal,
6  dependency proceeding, and related legal proceedings; or (2) the 2019 IAH and related
7  legal proceedings, will be viewed by this Court as frivolous and presented for an improper
8  purpose and will subject Plaintiffs to sanctions under 28 U.S.C. § 1927.

9      (17)  The FAC is dismissed **without leave to amend**. The Clerk of Court shall
10 enter judgment accordingly, but the Clerk of Court shall not close this case until Plaintiffs
11 have answered the order to show cause and the Court has issued its final ruling regarding
12 sanctions.

13     Dated this 14th day of February, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge