**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn, et al., | No. CV-24-00594-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Craig Jennings, et al., | |
| Defendants. | |

On February 19, 2025, the Court granted all pending motions to dismiss in this case and denied Plaintiffs leave to amend their First Amended Complaint. (Doc. 174 at 16–18.) The Court ordered Plaintiffs to "show cause: (1) why they should not be sanctioned pursuant to the Court's inherent powers for filing this lawsuit in bad faith; and (2) why they have not violated Rule 11(b) by presenting frivolous claims for an improper purpose" within 14 days. (*Id.* at 17–18.) Rather than respond to the Court's show-cause order, Plaintiffs filed three new motions that re-raise the same arguments this Court rejected in its Order dismissing this case. (*See* Docs. 178, 179, 180.) Therefore, the Court will impose monetary sanctions on each Plaintiff and revoke Mr. Rynn's e-filing privileges.

**I.     Legal Standard**

    A. Rule 11 Sanctions

Federal Rule of Civil Procedure 11 provides that, by presenting "a pleading, written motion, or other paper" to the court, an "unrepresented party certifies that" such a pleading or motion:

> (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). To impose a monetary sanction sua sponte under Rule 11, the Court must have "issued [a] show-cause order . . . before voluntary dismissal or settlement of the claims made by . . . the party that is . . . to be sanctioned." Fed. R. Civ. P. 11(c)(3), (5)(B). "[A]ny Rule 11 monetary sanction imposed pursuant to the court's initiative must be . . . payable to the court." *Gonzales v. Texaco Inc.*, 344 F. App'x 304, 309 (9th Cir. 2009) (citing *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998)).

B. <u>Sanctions Under the Court's Inherent Powers</u>

Additionally, "federal courts possess inherent power to impose sanctions, 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Stone v. Baum*, 409 F. Supp. 2d 1164, 1171 (D. Ariz. 2005) (quoting *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004)). To impose sanctions under its inherent powers, the Court must make a specific finding of bad faith. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Generally, the issuance of sanctions sua sponte requires notice and an opportunity to be heard. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1095 (9th Cir. 2021).

The Court may also enjoin Plaintiffs from filing any further actions or papers without first obtaining leave of the Court. *Stone*, 409 F. Supp. 2d at 1171–72 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1146–49 (9th Cir. 1990)); *see* 28 U.S.C. § 1651(a). Pre-filing orders against a self-represented plaintiff are an extreme remedy and should be

approached with caution. *See Desmaine v. Columbia Sportswear Co.*, No. 3:24-CV-00067-SB, 2025 WL 554133, at *5 (D. Or. Jan. 27, 2025), *report and recommendation adopted*, No. 3:24-CV-00067-SB, 2025 WL 552581 (D. Or. Feb. 18, 2025) (citing *De Long*, 912 F.2d at 1147). A pre-filing order is justified if four requirements are met: (1) the litigant must be given notice and an opportunity to be heard before the order is entered; (2) the court must compile an adequate record for review; (3) the court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the order must be narrowly tailored to closely fit the specific vice encountered. *Id.* at *6 (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)).

## II.     Sanctions

Pursuant to Rule 11 and the Court's inherent powers, the Court will impose monetary sanctions in the amount of $1,000.00 on each Plaintiff, for a total of $3,000.00, payable to the Court. (Doc. 174 at 6–14.) As outlined in the Court's Order entered on February 19, 2025, the instant case is Plaintiffs' fourth litigation of their claims relating to Marcella's stay at Quail Run, removal, and dependency proceeding, and their claims relating to the entry of the Injunction Against Harassment ("IAH") against Richard by his former co-worker. (*Id.*) A review of the dockets and appeals in the six prior cases reveals Plaintiffs' bad faith actions. (*See id.*; Doc. 68-17 at 1–2 ("The Court notes that Plaintiff repeatedly asserts in his motion for reconsideration that he 'has no choice but to continue litigation and filing lawsuits year after year.'").)

The Court has provided Plaintiffs with notice and an opportunity to be heard regarding sanctions. (*See* Doc. 174.) Instead of addressing the Court's concerns, Plaintiffs filed a Motion to Strike the Court's Order as Factually False, a Motion for a Mistrial, and a Motion for a New Trial. (Docs. 178, 179, 180.) These motions do not provide any justification for Plaintiffs' actions or any reason the Court should not impose sanctions. Instead, each motion repeats the same meritless arguments this and other courts have rejected on numerous occasions.[1] Plaintiffs' claims have been resolved, repeatedly, at great

---

[1] Plaintiffs' only new arguments appear to be that this Court: (1) misapplied the doctrine of res judicata because previous complaints are void; and (2) "engaged in conduct that

cost to the courts, taxpayers, and dozens of defendants.

As noted in the Court's Order granting Plaintiffs' Motion to Allow Electronic Filing by a Party Appearing Without an Attorney, "[a]ny misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party." (Doc. 105 at 2.) Plaintiffs' excessive filings in this case have resulted in 182 docket entries, and Plaintiffs ignored the Court's instruction to file only an answer to the Court's show cause order. Therefore, the Court will revoke Rynn's permission to file electronically by use of the ECF system.

Accordingly,

**IT IS ORDERED:**

1. Under Rule 11 and its inherent powers, the Court imposes monetary sanctions in the amount of $1,000.00 on each Plaintiff, Richard Rynn, Gelliana Rynn, and Marcella Rynn, for a total of $3,000.00, payable to the Court.

2. Plaintiffs' pending Motions (Docs. 178, 179, 180) are **denied**.

3. Plaintiffs' Application for Entry of Default against Candy Zammit is **denied**. (*See* Doc. 174 at 9 & n.8.)

4. Richard Rynn's ECF privileges are terminated.

5. The Clerk of Court shall close the file in this action.

Dated this 8th day of March, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge

---

compromises impartiality." (Doc. 179 at 2–5.) These arguments misapprehend the law and lack factual support.